UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA L. ALEXANDER,<br><br>                    Petitioner,<br><br>v.<br><br>D.K. JOHNSON, Warden,<br><br>                    Respondent. | Civil No.   12cv1401  BEN (WMc)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: DENIAL OF PETITIONER'S FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 6.]** |

## I.   INTRODUCTION

Petitioner Christina Alexander ("Petitioner" or "Alexander") has filed a First Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which she seeks relief from her October 2005 guilty plea in San Diego County Superior Court Case No. SCD187321 and her resulting 17-year sentence. (Pet. filed June 3, 2012, ECF No. 6.) Alexander pled guilty to one count of involuntary manslaughter and agreed to a one-year sentence enhancement for vicarious arming and a 10-year sentence enhancement for commission of a crime benefitting a street gang under California Penal Code § 186.22.

The Court submits this Report and Recommendation to United States District Judge Roger T. Benitez pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. After consideration of the documents and evidence presented in this case, and for the

-1-

reasons set forth below, the Court recommends that the First Amended Petition be **DENIED**.

## II. BACKGROUND

In a December 6, 2004 Felony Complaint, Alexander was charged with one count of murder[1] in violation of Cal. Penal Code § 187(a) with allegations that she was vicariously armed and committed the felony offense for the benefit of a criminal street gang. [Lodg. 1 at 19-20.]

On October 13, 2005, Alexander executed a change of plea form in which Alexander pled guilty to a lesser crime of voluntary manslaughter and admitted the truth of the vicariously armed allegation as well as the gang allegation. [Lodgment 1 at 4-6.] On the plea form, Alexander checked boxes stating she was entering her plea "freely and voluntarily" and acknowledging various specific consequences of her plea. Alexander also signed and dated the change of plea form under penalty of perjury indicating she "read, understood and initialed each item ... and everything on the form ... is true and correct." [Lodgment 1 at 4-6.]

On December 7, 2005, Alexander was sentenced to a stipulated determinate 17-year state prison term consisting of a middle term of 6 years for the violent felony charge, a 10-year term for the gang enhancement and a one-year term for the arming enhancement. [Lodgment 1 at 2-3.]

In 2006, Alexander made an *ex parte* request to the trial court asking for her sentence to be modified. [Lodgment 1 at 38.] On April 17, 2006, the trial court denied Alexander's *ex parte* request on the grounds that the Court had no authority to make modifications because Alexander received a stipulated sentence as part of a plea agreement. *Id*.

In 2007, Alexander made a second *ex parte* request to the trial court seeking relief from her sentence under *Cunningham v. California*, 542 U.S. 296 (2007).

---

[1] The underlying background facts of the criminal charges against Alexander do not factor into the ineffective assistance of counsel and due process claims in Alexander's First Amended Petition; all of which concern only her guilty plea.

[Lodgment 1 at 39.] On April 30, 2007, the trial court denied the request because *Cunningham*, which applied only to cases where a state court had imposed the *upper* of three possible determinate terms based on facts that should have been determined by a jury, was inapplicable to Alexander's sentence; her sentence included no upper terms. *Id.* Moreover, Alexander waived her right to a jury trial on sentencing issues in the plea agreement.

On August 2, 2010, Alexander filed a habeas corpus petition in superior court claiming ineffective assistance of counsel for failure to explain the components of her sentence and challenging the 10-year enhancement she received as part of her determinate sentence on the ground she was not active in a street gang. [Lodgment 2.] On September 28, 2010, the superior court denied Alexander's petition finding: (1) the court record contradicted Alexander's claim her attorney failed to explain the plea bargain to her; (2) no prejudice had been shown as Alexander received the benefit of her plea bargain in a determinate 17-year sentence; and (3) active participation in a street gang was not required for application of the gang enhancement to which she agreed. [Lodgment 3 at 3-4]

On November 12, 2010, Alexander filed a petition for writ of habeas corpus in the California Court of Appeal claiming ineffective assistance of counsel for failure to explain the components of her sentence and challenging the 10-year enhancement she received as part of her determinate sentence on various grounds. [Lodgment 4.] On December 21, 2010, the state appellate court denied Alexander's petition finding: (1) Alexander had not shown her plea was other than knowing and voluntary; and (2) she failed to show that but for an error by counsel, she would have received a better result. [Lodgment 5.]

On January 19, 2011, Alexander filed a petition for writ of habeas corpus in the California Supreme Court and again argued the claims made in her petition to the state appellate court. [Lodgment 7.] On June 29, 2011, the state supreme court denied the petition as untimely citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998).

On January 31, 2011, Alexander filed another habeas corpus petition in superior court challenging the arming and gang enhancements she received as part of her determinate sentence. [Lodgment 9.] On March 9, 2011, the superior court denied her petition as successive. [Lodgment 10 at 3.]

On April 18, 2011, Alexander filed another habeas corpus petition in the California Court of Appeal claiming ineffective assistance of counsel and challenging the arming and gang enhancements she received as part of her determinate sentence. [Lodgment 11.] The state appellate court denied her petition as successive. [Lodgment 12.]

On May 26, 2011, Alexander filed another petition for writ of habeas corpus in the California Supreme Court and again argued the claims made in her petition to the state appellate court. [Lodgment 13.] On October 12, 2011, her petition was denied as untimely and successive with cites to *In re Robbins*, 18 Cal. 4th 770, 780 (1998) and *In re Clark*, 5 Cal. 4th at 750, 767-69 (1993). [Lodgment 14.]

Alexander filed a petition for writ of habeas corpus in federal court on June 8, 2012. [ECF No. 1] With permission of the Court, on July 26, 2012, Alexander filed the instant First Amended Petition which is signed June 3, 2012.[2] [ECF Nos. 4-5.] The First Amended Complaint contains the following claims: (1) ineffective assistance of trial counsel for failure to explain the components of Alexander's determinate sentence; (2) ineffective assistance of counsel for failure to address Alexander's past life in composing the determinate sentence; (3) the gang enhancement component of the determinate sentence was unlawful; (4) the gang enhancement component of the determinate sentence was improper because Alexander's plea was not intelligent; (5) the gang enhancement component of the determinate sentence was inapplicable to Alexander because she had no prior felony convictions; (6) the gang enhancement component of the determinate sentence was

---

[2] The petition was signed by Alexander on June 3, 2012, which is the operative filing date under the mailbox rule. *See* Petition at 11; *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000).

inapplicable to Alexander because she had no gang affiliation; (7) the gang enhancement component of the determinate sentence was inapplicable to Alexander because her involvement in gang activity was never shown; (8) the gang enhancement component of the determinate sentence was inapplicable to Alexander because she was never active in a gang; (9) the gang enhancement component of the determinate sentence was inapplicable to Alexander because she has no pattern of criminal activity; and (10) the gang enhancement component of the determinate sentence was inapplicable to Alexander because she was convicted of only one offense. [ECF No. 6.]

## III. DISCUSSION

### A. Standard of Review

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002). In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). The court may

grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case. *Id.* Additionally, the "unreasonable application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable." *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Andrade*, 538 U.S. at 75-76); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). However, a state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *See Early*, 537 U.S. at 8. "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" the state court decision will not be "contrary to" clearly established federal law. *Id.* Clearly established federal law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Andrade*, 538 U.S. at 72.

### B. Analysis

#### 1. Timeliness of First Amended Petition

Respondent contends Alexander's Petition is untimely because it was filed more than five years after the statute of limitations imposed by 28 U.S.C. § 2244(d) expired on February 5, 2007. [ECF No. 10-1 at 14.] In her Petition, Alexander

contends she was unable to file a habeas corpus petition or exhaust her state judicial remedies in a timely manner because she did not have a copy of her preliminary hearing transcript; she was unaware there was a time limit for filing in federal court; and she did not receive a copy of her plea agreement until 2009. [ECF No. 18 at 9.] Respondent counters, however, that Alexander was aware of the factual predicate of her ineffective assistance of counsel and due process claims at the time of her sentencing in December 7, 2005; yet she did not file her federal habeas corpus petition until June 3, 2012. [ECF No. 10-1 at 15. ] Respondent argues ignorance of filing deadlines does not entitle Alexander to statutory or equitable tolling. [ECF No. 10-1 at 15-17.]

Under 28 U.S.C. § 2244(d), a petitioner has one year from the date his or her conviction is final to file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d) (West 2006). The statute of limitations, however, is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1); *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). Alexander did not pursue direct appeal; therefore, her conviction became final sixty days <u>after</u> December 7, 2005, the date judgment was entered. Thus, judgment became final on February 5, 2006, and the one-year statute of limitations began running the next day. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Absent any statutory or equitable tolling, Alexander had until February 5, 2007, to file her federal habeas corpus petition. 28 U.S.C. § 2244(d); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a), which states "[i]n computing any period of time prescribed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included" to AEDPA). She did not do so until June 3, 2012.[3] The petition is, therefore, untimely unless

---

[3] The petition was signed by Alexander on June 3, 2012, which is the operative filing date under the mailbox rule. *See* Petition at 11; *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000).

-7-

Alexander is entitled to enough statutory or equitable tolling to make the petition timely.

### a. Statutory Tolling

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). As noted in the Background section of the instant Report and Recommendation *supra*, at sometime in 2006 and 2007, Alexander sent two *ex parte* letter requests to the California superior court asking respectively that her "sentence be modified" and "her sentence be reviewed ... under the Cunningham decision." [Lodgment 1 at 38-39.] The actual content of Alexander's *ex parte* letters are not included in the administrative record. Accordingly, the Court cannot analyze whether the letters would have qualified as properly filed applications for collateral relief. Assuming *arguendo*[4] the letters were properly filed, Alexander's filing deadline would have been statutorily tolled up to April 30, 2007, the date the superior court denied Alexander's 2007 *ex parte* request for review under *Cunningham v. California*, 542 U.S. 296 (2007). On May 1, 2007, the AEDPA statue of limitations would have begun to run, requiring Alexander to file a federal petition no later than April 30, 2008. Unless equitable tolling applies, Alexander's federal petition, filed on June 3, 2012, is still untimely by more than four years.[5]

///

---

[4] Judgment became final in Alexander's case on February 5, 2006, and the one-year statute of limitations began running the next day; February 6, 2006. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The Court's hypothetical concerning the application of statutory tolling, generously assumes Alexander's first *ex parte* letter was properly filed on February 6, 2006, which triggered tolling of the statute of limitations until the superior court's denial of her second *ex parte* request on April 30, 2007.

[5] Alexander filed her first state habeas corpus petition on August 2, 2010. [Lodgment 2 at 1.] However, state habeas petitions filed *after* the statute of limitations period ends do not revive a limitations period that has already ended before the state petition was filed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)("section 2244(d) does not permit re-initiation of the limitations period that has ended before the state petition was filed.")

**b.     Equitable Tolling**

AEDPA's statute of limitations is also subject to equitable tolling. *Holland*, 130 S. Ct. at 2560. "To be entitled to equitable tolling, [Petitioner] must show, '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented him from filing." *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).)  Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

As a basis for her entitlement to equitable tolling, Alexander contends in her Traverse that she was unable to file a federal habeas corpus petition or exhaust her state judicial remedies in a timely manner because she did not have a copy of her preliminary hearing transcript and she did not receive a copy of her plea agreement until 2009. [ECF No. 18 at 9.]  However, the inability to secure transcripts is not genrally considered an "extraordinary circumstance" that would prevent a diligent petitioner from filing in a timely manner; especially when the petitioner was present at the proceedings being challenged. *See Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009)(explaining the failure of the petitioner's attorney to provide him with legal files was not an extraordinary circumstance which caused his untimely filing because petitioner was aware of the factual bases of his claims and therefore did not need the files to file a timely habeas petition.); *see also Green v. Hornbeck*, 312 Fed. Appx. 915, 916 (9th Cir. 2009)(finding equitable tolling unwarranted for lack of transcripts when petitioner was present at trial.)  Here, the bases of Alexander's First Amended Petition hinge on her claims of ineffective assistance of counsel under the Sixth Amendment for failure to advise regarding the consequences of her plea agreement and an unknowing guilty plea in violation of her federal due process rights.  Yet, Alexander was present during plea proceedings on October 13, 2005 and at sentencing on December 7, 2005; she was aware of the bases of her constitutional claims at those

times. Accordingly, she did not need a copy of the preliminary hearing transcript or a copy of her plea agreement to raise issues regarding the competence of her counsel or her understanding of the plea agreement, which she signed on October 13, 2005 and to which she stipulated on December 7, 2005.

Alexander also argues she was unaware there was a time limit for filing in federal court. [ECF No. 18 at 9.] "A *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner has failed to demonstrate an impediment beyond her control prevented her from filing a petition on time in this court. For these reasons, **IT IS RECOMMENDED** the Court find equitable tolling is not warranted; thus, the petition is untimely and must be **DISMISSED**.

**2. Ineffective Assistance of Counsel - Grounds One and Two of the First Amended Petition**

Even if Alexander's claims were timely, they would fail on the merits. Alexander alleges she received ineffective assistance of counsel associated with her change of plea and at sentencing. [ECF No. 6. at 6-9.] The California Court of Appeal disposed of this claim in an objectively reasonable manner based on the record presented:

> "After five years Alexander now contends her trial attorney was ineffective because counsel did not tell her the "correct sentencing exposure" and the 10-year gang enhancement is illegal, not supported by the evidence and is "too harsh" based on her "individual character, habits and past life." The superior court denied Alexander's ex parte request to modify the sentence on April 17, 2006, and her petition for a writ of habeas corpus on September 28, 2010.
> In the change of plea agreement, Alexander acknowledged her maximum punishment as a result of the plea was 22 years in prison. Alexander admitted a factual basis for the pleas ("I aided and abetted another by committing acts leading to the unlawful death of a human being in violation of Penal Code [section 192 (voluntary manslaughter). Additionally, I agree to stipulate to the facts as set forth in the testimony of the preliminary hearing of [August 1 through August 5] and [August 30, 2005].") At no time did Alexander move to withdraw her plea or seek a certificate of probable cause to challenge the validity of her plea on appeal. Alexander has not shown that her plea was other than knowing and voluntary, and she received the benefit of her bargain. She has not shown that but for any error by counsel she would have received a better result."

(Lodgment No. 5.)

When an alleged ineffective assistance of counsel claim implicates the voluntariness of a guilty plea, a federal constitutional claim is stated. *See Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). Nevertheless, judicial scrutiny of counsel's performance is always "highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Courts approach an ineffective assistance of counsel analysis with the "strong presumption" that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Cullen v. Pnholster*, 131 S.Ct. 1388, 1403 (2011) ("We take a 'highly deferential' look at counsel's performance . . . through the 'deferential lens of § 2254(d)' ") (citation omitted); *see Harrington* v. Richter, 131 S.Ct. 770, 791-92 (2011) (reversing a Ninth Circuit en banc grant of habeas relief on an ineffective assistance of counsel claim for lack of sufficient deference to the state court result: "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so") (citations omitted). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly," but rather the petitioner "must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002); *see Harrington*, 131 S.Ct. at 786 ("[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

To prove ineffective assistance of counsel, both counsel's unreasonable performance and resulting prejudice must be shown. *Strickland*, 466 U.S. at 690, 694. To demonstrate constitutional error, "[t]he challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' " *Harrington*, 131 S.Ct. at 787, *quoting Strickland*, 466 U.S. at 687. To demonstrate prejudice, the petitioner must show that "but for counsel's unprofessional errors," there is a reasonable probability "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 690. "A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Harrington*, 131 S.Ct. at 792 ("The likelihood of a different result must be substantial, not just conceivable"). "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)." *Harrington*, 131 S.Ct. at 788 ("[T]he question is not whether counsel's actions were reasonable," but rather "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard"). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* at 787, *quoting Strickland*, 466 U.S. at 688.

Alexander fails to identify any errors from the record that show her attorney's representation of her at the change of plea hearing or at sentencing was deficient. Although Petitioner now argues the markings on the change of plea form were unclear to her, the record indicates Petitioner failed to raise any concerns about the contents of her plea agreement; instead, she initialed and signed the plea agreement indicating she understood it and that her attorney discussed the charges and defenses at issue in the case as well as the consequences of the plea she was entering. [Lodgment 3 at 3-4.] The inability to meet the deficient performance prong of the *Strickland* test negates the need to discuss prejudice. Both prongs must be met before Alexander can prevail on her ineffective assistance of counsel claim.

Nevertheless, Alexander has presented no evidence to demonstrate that "but for" counsel's performance, she would have obtained a better outcome. Alexander's attorney obtained a plea bargain of a 17-year <u>determinate</u> sentence that substantially reduced Alexander's exposure to a significantly longer prison term of twenty-five years to life in prison with additional time for enhancements. [Lodgment 1 at 4, 10.] Alexander thereafter voluntarily stipulated to, and received, a determinate 17-year sentence. She does not cite any specific prejudice she suffered as a result of the fact that the 17-year sentence she bargained for was comprised of a middle term of 6 years

for the manslaughter charge, a 10-year term for the gang enhancement and a one-year term for the arming enhancement. Applying the "doubly deferential" standards of *Strickland* and of 28 U.S.C. § 2254 review to this record, **IT IS RECOMMENDED** relief on Petitioner's two ineffective assistance of counsel claims be **DENIED**.

### 3. Invalid Guilty Plea - Grounds Three through Ten of the First Amended Petition

In claims three through ten of the First Amended Petition, Alexander argues in part that she did not understand the various components of her guilty plea[6]; thus her guilty plea was not "intelligent" and in violation of her federal due process rights. (ECF No. 6 at 10-18.)

It is clearly established that due process requires guilty pleas to be knowing, intelligent, and voluntary. *Brady v. United States*, 397 U.S. 742, 748 (1970). Due process is violated if a guilty plea is "'induced by promises or threats which deprive it of the nature of a voluntary act.'" *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986) (quoting *Machibroda v. United States*, 368 U.S. 487, 493 (1972)). Pleas must represent "'a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North*

---

[6] Grounds Three through Ten of Alexander's First Amended Petition are as follows: (3) the gang enhancement component of the determinate sentence was unlawful under California law; (4) the gang enhancement component of the determinate sentence was improper because Alexander's plea was not intelligent; (5) the gang enhancement component of the determinate sentence was inapplicable under California law to Alexander because she had no prior felony convictions; (6) the gang enhancement component of the determinate sentence was inapplicable under California law to Alexander because she had no gang affiliation; (7) the gang enhancement component of the determinate sentence was inapplicable under California law to Alexander because her involvement in gang activity was never shown; (8) the gang enhancement component of the determinate sentence was inapplicable under California law to Alexander because she was never active in a gang; (9) the gang enhancement component of the determinate sentence was inapplicable to Alexander under California law because there is no pattern of criminal activity involving her; and (10) the gang enhancement component of the determinate sentence was inapplicable under California law to Alexander because she was convicted of only one offense. [ECF No. 6.]

Apart from Ground Four, which alleges a violation of due process rights under the U.S. Constitution, Grounds Three and Grounds Five through Ten are not cognizable under Section 2254. *See Estelle v. McGuire,* 502 U.S. 62, 68 (1991) (explaining federal habeas corpus relief does not lie for errors of state law and federal courts may not reexamine state court determinations on state law issues). Thus, to the extent Alexander's challenges are based on the applicability under California law of the gang enhancement component to her, the state court's determinations that Alexander misapprehended California law are not reviewable by the federal court. [*See* Lodgment at 19 and at 23-24.]

*Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Voluntariness must be demonstrated by tangible evidence in the record, considering all the relevant circumstances surrounding the plea. *Brady*, 397 U.S. at 749; *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

Here, Alexander signed a change of plea form which acknowledged she understood her rights and was pleading guilty freely and voluntarily. (Lodgment No. 1, at 4-7.) The plea agreement form, which Alexander initialed, expressly identifies the charges and enhancements that were components of her stipulated 17-year sentence. (Lodgment No. 1 at 4.) In addition, as found by the state appellate court, Alexander never moved to withdraw her plea or seek a certificate of probable cause to challenge the validity of her plea on appeal. (Lodgment No. 5.) The administrative record supports the objective reasonableness of the state court's determination on the merits that Alexander's plea was knowing, voluntary and constitutionally valid. There is no basis in the record from which this Court could conclude the state court's decision constitutes an unreasonable determination of the facts, nor has Alexander identified any legal authority to support a finding that the state court's decision was contrary to or an unreasonable application of controlling federal due process law. 28 U.S.C. § 2254(d). **IT IS THEREFORE RECOMMENDED** that relief on Grounds Three through Ten be **DENIED**; (1) for failure to demonstrate Alexander's guilty plea was not knowing, voluntary or intelligent as alleged in Ground Four of the First Amended Complaint; and (2) for failure to raise a federal constitutional question in Claims Three and Five through Ten. Federal courts may not reexamine a state court's application of state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Jackson v. Ylst,* 921 F.2d 882, 885 (9th Cir. 1990) (federal courts have no authority to review a state's application of state law).

///

///

///

**IV. CONCLUSION AND RECOMMENDATION**

-14-

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that judgment be entered denying the First Amended Petition.

**IT IS HEREBY ORDERED** no later than **May 6, 2013**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** any Reply to the Objections shall be filed with the Court and served on all parties no later than **May 20, 2013.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: April 19, 2013

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court