FILED

13 OCT 22  PM 1:32

CLERK U.S. DISTRICT COURT:
SOUTHERN DISTRICT OF CALIFORNIA

_____  DEPUTY

1

2

3

4

5

6

7

8  # UNITED STATES DISTRICT COURT

9  # SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA L. ALEXANDER,<br><br>                              Petitioner,<br><br>vs.<br><br><br><br>D.K. JOHNSON,<br><br>                              Respondent. | CASE NO. 12-cv-1401-BEN (WMc)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION**<br><br>**(2) DENYING PETITIONER'S OBJECTION TO REPORT AND RECOMMENDATION**<br><br>**(3) DISMISSING PETITION WITH PREJUDICE**<br><br>[Docket No. 19] |

        Before this Court is Petitioner Christina L. Alexander's First Amended Petition for Habeas Corpus. (Docket No. 6). Alexander seeks relief under 28 U.S.C. § 2254 from her October 2005 guilty plea in San Diego County Superior Court and the resulting 17-year sentence. *Id.* Alexander pled guilty to one count of involuntary manslaughter, and agreed to a one-year sentence enhancement for vicarious arming, and a 10-year sentence enhancement for commission of a crime benefitting a street gang under California Penal Code § 186.22. *Id.* Alexander signed a change of plea form on which she checked the boxes stating she entered her plea "freely and voluntarily," and acknowledged the various consequences of her plea. (Lodgment 1 at 4-6).

1        Alexander's First Amended Petition (FAP) was signed on June 3, 2012. (Docket
2    No. 6). Alexander asserted ten claims: (1) ineffective assistance of trial counsel for
3    failure to explain the components of Alexander's determinate sentence; (2) ineffective
4    assistance of counsel for failure to address Alexander's past life in composing the
5    determinate sentence; (3) the gang enhancement component of the determinate
6    sentence was unlawful; (4) the gang enhancement component of the determinate
7    sentence was improper because Alexander's plea was not intelligent; (5) the gang
8    enhancement component of the determinate sentence was inapplicable to Alexander
9    because she had no prior felony convictions; (6) the gang enhancement component of
10   the determinate sentence was inapplicable to Alexander because she had no gang
11   affiliation; (7) the gang enhancement component of the determinate sentence was
12   inapplicable to Alexander because her involvement in gang activity was never shown;
13   (8) the gang enhancement component of the determinate sentence was inapplicable to
14   Alexander because she was never active in a gang; (9) the gang enhancement
15   component of the determinate sentence was inapplicable to Alexander because she has
16   no pattern of criminal activity; and (10) the gang enhancement component of the
17   determinate sentence was inapplicable to Alexander because she was convicted of only
18   one offense. (FAP at 6-18).
19        On April 19, 2013, the Honorable William McCurine, Jr., U.S. Magistrate Judge,
20   issued a thoughtful and thorough Report and Recommendation advising this Court to
21   deny Alexander's Petition. (Docket No. 19). Alexander filed an Objection to the
22   Report and Recommendation on May 9, 2013, dated May 4, 2013. (Docket No. 20).
23   After full consideration of the Report and Recommendation, the Petitioner's Objection,
24   and the record in this matter, this Court **ADOPTS** the Report and Recommendation.
25                          **STANDARD OF REVIEW**
26        A Petition for Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is governed by
27   the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Lindh v.*
28   *Murphy*, 521 U.S. 320, 337 (1997). AEDPA states that a habeas petition will not be

granted with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.   28 U.S.C. § 2254(d).   A federal court engages in extraordinarily deferential review of the state court's determination, and only looks to see whether the state court's decision was objectively unreasonable. *See Yarbrough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

The Supreme Court has stated that a federal habeas court "may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002) (citation omitted).   Relief under the "unreasonable application" prong is only granted where the governing law was correctly identified, but was applied to the facts in an "objectively unreasonable manner." *Id.*

Where a timely objection to a report and recommendation has been filed, the district court reviews *de novo* those portions of the report or specific proposed findings or recommendations.   28 U.S.C. § 636(b)(1).

The Court notes at the outset that Alexander's Objection largely restates the arguments already made and considered by the Magistrate Judge. However, this Court has reviewed the matter *de novo*, and concurs with the conclusions of the Report and Recommendation.

## DISCUSSION

### I. Timeliness of the First Amended Petition

The Respondent contended that the First Amended Petition was untimely because it was filed more than five years after the expiration of the statute of limitations imposed by 28 U.S.C. § 2244(d).   (R&R at 6).   Alexander concedes her

1   petition was not timely under the statute because the statute of limitations expired on
2   February 5, 2007, but claims she is entitled to tolling.  (Obj. at 4, 5).  Alexander
3   contended in her Traverse, and reiterates in her Objection that she was unable to
4   properly file a habeas corpus petition and exhaust state judicial remedies in a timely
5   manner.  (Traverse at 9-10, Obj. at 4).  She claimed that she did not receive a copy of
6   her preliminary hearing transcripts, was unaware of the time limits for filing because
7   no one explained anything to her, and only received a copy of her plea agreement in
8   2009.  (Traverse at 9-10, Obj. at 4-5).  This Court notes that Alexander does not
9   specifically point to any flaws of reasoning or law in the Report and Recommendation.

10      After consideration of the arguments asserted by Alexander, this Court concludes
11  that the Magistrate Judge was correct in determining that equitable tolling was not
12  warranted.  (R&R at 9-10).  As the Magistrate Judge stated, "the threshold necessary
13  to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda*
14  *v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

15      The Magistrate Judge correctly determined that Alexander's inability to secure
16  the transcript is not an "extraordinary circumstance" that warrants equitable tolling,
17  especially because Alexander was present at the proceedings in question and aware of
18  the bases of her constitutional claims.  (R&R at 9 (citing *Ford v. Pliler*, 590 F.3d 782,
19  790 (9th Cir. 2009) (failure of attorney to provide legal files not extraordinary
20  circumstance where petitioner was aware of the factual basis of his claims); *Green v.
21  Hornbeck*, 312 Fed. Appx. 915, 916 (9th Cir. 2009) (equitable tolling not warranted for
22  lack of transcripts when petitioner present at trial)).

23      The Magistrate Judge also correctly stated and applied the law in finding that it
24  is established that "lack of legal sophistication is not, by itself, an extraordinary
25  circumstance warranting equitable tolling." (R&R at 10 (citing *Raspberry v. Garcia*,
26  448 F.3d 1150, 1154 (9th Cir. 2006)).

27      Alexander alleges that she did not receive a copy of her plea agreement until
28  2009.  (Obj. at 5).  Alexander claims in her Objection that there were errors in the

1   document that were not present when she signed it, and that she was not aware at the
2   time she accepted the plea deal that she would receive any enhancements. *Id.*
3   Alexander's filing indicates that she saw the penal code citation for the gang
4   enhancement, but claims that it was not explained to her. (FAC at 6, 7). For instance,
5   she states that, "During plea proceedings on October 13, 2005, Counsel Mangarin
6   failed to explicate [sic] to Petitioner that p.c. 186.22(b)(1)(C) is a criminal street gang
7   enhancement. . ." and, "Petitioner has no knowledge of the law and could not have
8   known about the sentence enhancements and their consequences by merely looking at
9   the penal codes stated in paragraph #1 of the plea agreement. . ." *Id.*; *see also* Traverse
10  at 8. Although the change of plea form does not use the words "gang enhancement,"
11  there is a proper penal code citation in the "enhancement/allegation" section next to the
12  charge. (Lodgement 1 at 3). To the extent she is claiming that the penal code notation
13  was insufficient to inform her of what she was pleading to, this Court notes that
14  Alexander had an attorney and that she was present at the change of plea and
15  sentencing hearings. (Lodgment 1 at 2-3). Alexander indicated with her initials that
16  she entered her plea "freely and voluntarily," that she was not suffering from impaired
17  judgment, and that she had discussed the consequences of her plea with her attorney,
18  including registration as a gang offender. (Lodgement 1 at 4-5). The state court judge
19  indicated that she had questioned Alexander and her lawyer, and found that Alexander
20  understood the nature of the charges and consequences of the plea and admissions.
21  (Lodgment 1 at 6). Alexander could have made inquiries about the penal code
22  citations. Additionally, as noted above, lack of legal sophistication is generally not a
23  basis for equitable tolling.

24      To the extent Alexander may be contending that the plea agreement she signed
25  did not list the gang enhancement at all, (FAP at 6, Obj. at 5), state court records
26  indicate that she admitted to the enhancement at the Change of Plea hearing.
27  (Lodgment 1 at 3). Alexander has not demonstrated that she was unaware of the
28  factual basis of her plea.

1  Upon full review of the briefs, Petitioner's Objection, and the relevant applicable
2  law, this Court concurs with the finding of the Report and Recommendation that tolling
3  is not warranted. The Petition is therefore untimely and must be **DISMISSED**.

4  **II. Ineffective Assistance of Counsel**

5  This Court also agrees with the conclusion of the Report and Recommendation
6  that Alexander's claims would fail on the merits, even if they were timely. (R&R at
7  10).

8  Alexander makes ineffective assistance of counsel claims in Grounds One and
9  Two of her First Amended Petition. Alexander claims she received ineffective
10  assistance of counsel at her change of plea and at her sentencing hearing. (FAP at 6-9).
11  The California Court of Appeal has considered and denied her claim:

> After five years Alexander now contends her trial attorney was ineffective because counsel did not tell her the "correct sentencing exposure" and the 10-year gang enhancement is illegal, not supported by the evidence and is "too harsh" based on her "individual character, habits and past life." The superior court denied Alexander's ex parte request to modify the sentence on April 17, 2006, and her petition for a writ of habeas corpus on September 28, 2010.
>
> In the change of plea agreement, Alexander acknowledged her maximum punishment as a result of the plea was 22 years in prison. Alexander admitted a factual basis for the pleas ("I aided and abetted another by committing acts leading to the unlawful death of a human being in violation of Penal Code [section 192 (voluntary manslaughter). Additionally, I agree to stipulate to the facts as set forth in the testimony of the preliminary hearing of [August 1 through August 5] and [August 30, 2005].") At no time did Alexander move to withdraw her plea or seek a certificate of probable cause to challenge the validity of her plea on appeal. Alexander has not shown that her plea was other than knowing and voluntary, and she received the benefit of her bargain. She has not shown that but for any error by counsel she would have received a better result.

(Lodgment 5 at 1-2).

The Magistrate Judge correctly stated the deferential standard of review for an ineffective assistance of counsel claim. (R&R at 11). To prove ineffective assistance of counsel, the petitioner must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner bears the burden "to show that counsel 'made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'"

12cv1401

1   *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 687).
2   The petitioner must also show that but for counsel's errors, there is a reasonable
3   probability that the result of the proceeding would have been different. *Strickland*, 466
4   U.S. at 690. A "reasonable probability" is a "probability sufficient to undermine
5   confidence in the outcome." *Id.*

6         Judicial scrutiny of counsel's performance is "highly deferential," *Strickland*,
7   466 U.S. at 689, and counsel is "strongly presumed to have rendered adequate
8   assistance and made all significant decisions in the exercise of reasonable professional
9   judgment." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Strickland*,
10  466 U.S. at 690). Additionally, to prevail in a § 2254 habeas petition based on
11  *Strickland*, it is necessary for the petitioner to show that the court applied the
12  deferential *Strickland* standard to the facts of the case in an "objectively unreasonable
13  manner." *Bell*, 535 U.S. at 699.

14        In her Objection, Alexander claims her plea was not knowing and voluntary, that
15  her public defender failed to present evidence to prevent her from receiving the gang
16  enhancement, and that she thought she was getting 17 years for voluntary
17  manslaughter. (Obj. at 7). Upon review of the record and Objection, this Court finds
18  that Alexander has not met her burden to show deficient performance. As the
19  Magistrate Judge correctly noted, the record in this case reflects that Alexander did not
20  raise any concerns about her plea agreement, and that she initialed and signed the
21  agreement indicating that she understood it and that she had discussed the charges, the
22  defenses, and the consequences of her plea with her attorney. (R&R at 12; Lodgment
23  1 at 3-4). Additionally, Alexander does not demonstrate that she would have received
24  a better outcome, but for the performance of her counsel. As the Magistrate Judge
25  noted, Alexander received a determinate sentence of 17 years that avoided a possible
26  prison sentence of 25 years, plus additional time for the enhancements. (R&R at 12;
27  Lodgment 1 at 4, 10).

28        Under the highly deferential standards applied under *Strickland* and 28 U.S.C.

1  § 2254, this Court finds that Petitioner's petition for relief on this basis should be
2  **DENIED.**

3      **III. Invalid Guilty Plea**

4      Alexander also contends in Grounds Three through Ten that her guilty plea was
5  invalid. (FAP at 10-18). Alexander states in her Objection that this was not an
6  argument about not understanding her plea. (Obj. at 8). She claims that her plea was
7  invalid because she was punished for, among other things, the actions of co-defendants,
8  convicted as a habitual offender, and that the enhancement was a "double dose of
9  harsher punishment." (*Id.* at 8-9). Alexander claims the Magistrate Judge erred in
10 suggesting that these guilty-plea related grounds were similar to the the claims she
11 made regarding the timeliness of her petition and ineffective assistance of counsel. (*Id.*
12 at 9).

13     However, this Court agrees with the Magistrate Judge that Ground Three and
14 Grounds Five through Ten are not cognizable under Section 2254 because they seek
15 federal habeas corpus relief for errors of state law. (R&R at 13, n.6 (citing *Estelle v.*
16 *McGuire,* 502 U.S. 62, 68 (1991))). Alexander claims that the gang enhancement
17 component of her sentence was inapplicable and unlawful under California law on
18 multiple grounds. (FAP at 10, 13-18). Federal courts may not review state court
19 determinations on state law issues. *Estelle,* 502 U.S. at 67-68. The Petitioner raised
20 her claims regarding the meaning of California law before California courts.
21 (Lodgment 2 at 7-10; Lodgment 4 at 19, 23-24). The state court rejected those claims.
22 (Lodgment 3, 5). This Court cannot override the California courts on California law.

23     Ground Four alleges that the gang enhancement component of the sentence is
24 improper because Alexander's plea was not intelligent. (FAP at 11-12). The
25 Magistrate Judge properly stated the requirements for a knowing, voluntary and
26 intelligent guilty plea. (R&R at 14). Upon review of the record and the briefing in this
27 matter, this Court agrees that it was objectively reasonable for the state court to
28 determine that Alexander's plea was constitutionally valid. As the Magistrate Judge

1  correctly noted, there is no basis to conclude there was an unreasonable determination

2  of the facts, and Alexander offered no legal authority to support a finding that the state

3  court's decision was contrary to or an unreasonable application of federal due process

4  law.  (R&R at 14).  Alexander's claims that her guilty plea is invalid should be

5  **DENIED.**

6                                    **CONCLUSION**

7        The Court therefore **ORDERS** that the Report and Recommendation is

8  **ADOPTED.**   The Petition is **DENIED** and the matter is **DISMISSED WITH**

9  **PREJUDICE**.

10       **IT IS SO ORDERED.**

11

12  Dated: October 21, 2013

13                                        HON. ROGER T. BENITEZ
                                          United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28